**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-6371**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO SALAS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:98-cr-00166-HEH-1)

───────────

Submitted:  October 13, 2022                    Decided:  June 9, 2023

───────────

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Miriam R. Airington-Fisher, AIRINGTON LAW PLLC, Richmond, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Wilson Rae Stamm, Special Assistant United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Salas appeals from the denial of his motion for compassionate release. On appeal, Salas asserts that the district court abused its discretion in ruling that he had failed to demonstrate an "extraordinary and compelling" reason for early release. We affirm.

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 185. Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii); *High*, 997 F.3d at 186. Third, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) sentencing factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A).

Salas first asserts that the district court abused its discretion in determining that the combination of his medical conditions, age, and the conditions in his prison did not constitute an extraordinary and compelling reason for his release. District courts enjoy broad discretion in deciding whether extraordinary and compelling circumstances justify a compassionate release sentence reduction. *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of

2

contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases).  The inmate must show at least "that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." *High*, 997 F.3d at 185.

The district court ruled that Salas had failed to establish an extraordinary and compelling reason for release, relying on the low infection rate at Salas's institution, the fact that high cholesterol is not listed by the CDC as a COVID-19 risk factor, and Salas's vaccinations.  While Salas admits that the CDC does not list high cholesterol as a contributor to the increased risk of severe COVID-19, he asserts that the National Heart, Lung, and Blood Institute terms high cholesterol as a "major risk factor."  In addition, although the CDC lists ages 65 and older as those at highest risk of severe illness,  Salas contends that those, like him, between 50 and 64 still have a greatly increased chance of severe illness or death when compared to younger adults.  Finally, Salas avers that vaccinations are not 100 percent effective, and he is still at risk for serious disease.

We find that the district court did not abuse its discretion.  Salas's high cholesterol and his age may raise his risk of severe illness, but not enough for the CDC to recommend extra precautions.  Further, it is undisputed that Salas's risk is lowered due to his vaccination status. The district court reasonably concluded that Salas's moderate (and very common) risk factors combined with his vaccinations did not present an extraordinary and compelling reason for his release.

3

Salas next argues that his rehabilitation, when combined with his particularized susceptibility and risk of exposure, constituted an extraordinary and compelling reason for release. The district court weighed the seriousness of Salas's criminal conduct against his good behavior, rehabilitation, supportive family, and deportation status and concluded that Salas did not demonstrate an extraordinary and compelling reason for release. In so doing, the court noted that Salas's good behavior was not extraordinary or compelling, but rather what was expected of an inmate. We find that Salas failed to show that the district court's ruling was an abuse of discretion. *See United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted) ("A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law.").

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*